United States District Court
District of Massachusetts

| | |
|---|---|
| Covidien LP and Covidien Holding Inc. ) ) ) Plaintiffs, ) ) v. ) ) Brady Esch ) ) Defendant. ) ) | Civil Action No. 16-12410-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This dispute arises out of alleged breaches of an employment agreement and a separation agreement between Covidien LP and Covidien Holding Inc. ("plaintiffs" or "Covidien") and Brady Esch ("defendant"), Covidien's former employee. Plaintiffs allege that defendant breached those agreements by 1) assigning rights to three patents to his new company rather than to Covidien and 2) disclosing plaintiffs' confidential information in the patent applications.

Pending before this Court is defendant's motion to dismiss, or, alternatively, to transfer venue. For the following reasons, that motion will be denied without prejudice.

**I. Background**

Covidien is a global healthcare company and a manufacturer of medical devices and supplies. At issue in this case are

Covidien's Endovenous products which are used to treat varicose veins.

### A. The NNC Agreement

Brady Esch began working for Covidien in 2009 when Covidien acquired VNUS Technologies, Esch's employer at the time. In or about December, 2009, Esch entered into a "Non-Competition, Non-Solicitation, and Confidentiality Agreement" ("NNC Agreement") with Covidien.

Relevant to the pending motion, the NNC Agreement provides that Esch

> [i]rrevocably consent[s] to personal jurisdiction in the state courts of Massachusetts and the U.S. District Court for the District of Massachusetts for any action arising out of this Agreement, regardless of where you reside or perform duties.

The NNC Agreement further states that Massachusetts law will apply.

### B. The Separation Agreement

In or about November, 2013, Esch was terminated from Covidien. At that time, he was the Director of Global Marketing for the VNUS business. As part of his termination, Esch signed a "Separation of Employment Agreement and General Release" ("Separation Agreement").

The Separation Agreement provides in pertinent part, that Esch

> waives any objection which [he] may have to the laying
> of venue of any . . . suit, action or proceeding in
> any . . . court [located in the Commonwealth of
> Massachusetts].

The Separation Agreement, like the NNC Agreement, states that Massachusetts law governs.

### C. Esch's Patent Applications

Soon after Esch was terminated from Covidien, he incorporated his own company under the name Venclose, Inc. ("Venclose"). Between March, 2014, and March, 2015, Esch filed two provisional patent applications (Nos. 61/970,498 and 14/670,339) with the United States Patent and Trademark Office ("USPTO"), purportedly assigning all of his rights to the applications to Venclose.

Also in or about March, 2015, Esch filed a Patent Cooperation Treaty application, PCT/US2015/022849 with the USPTO as a receiving office for the World Intellectual Property Organization. Venclose was listed as the applicant.

All three patent applications are directed toward a three-wire catheter system.

### C. Procedural History

In November, 2016, Covidien filed a five-count complaint in this Court for 1) a declaratory judgment that Esch assigned his rights to the patents-in-suit to Covidien (Count I), 2) breach

of contract (Counts II, IV and V) and 3) breach of the implied covenant of good faith and fair dealing (Count III).

In December, 2016, shortly after United States District Judge George A. O'Toole, Jr. recused himself from the case, Covidien filed a motion for a preliminary injunction. This session of this Court held a hearing on the motion on January 6, 2017, after which it allowed the motion and entered a preliminary injunction against Esch.

Approximately two weeks later, defendant filed a motion to dismiss the claims against him for lack of personal jurisdiction and for failure to join a required party, or, in the alternative,to transfer venue. Defendant's motion is the subject of this memorandum.

## II. **Defendant's Motion to Dismiss or, Alternatively, to Transfer Venue**

### A. **Lack of Personal Jurisdiction**

Defendant first contends that the case should be dismissed for lack of personal jurisdiction by repeating the same arguments that this Court previously rejected in its Memorandum and Order dated January 11, 2017 (Docket No. 38).

Although the Court concluded that it had personal jurisdiction over defendant only for the purpose of determining whether it could enter an injunction, see Covidien LP v. Esch, 229 F. Supp. 3d 94, 97-98 (D. Mass. 2017), defendant has made no

attempt to explain why the Court should come to a different conclusion now. Thus, for the reasons stated in its aforementioned Memorandum and Order, the Court affirms that it has personal jurisdiction over defendant.

**B. Failure to Join a Required Party**

Defendant also maintains that the case should be dismissed because plaintiffs did not join Venclose, which defendant claims is a required party.

First the Court must determine whether Venclose is a "required" party as defined in Fed. R. Civ. P. 19(a). Defendant apparently skips this step in his analysis and concludes, without support, that Venclose is required to be a party. Here, too, that conclusory argument is underwhelming.

Four of plaintiffs' five claims against defendant (three claims for breach of contract and one claim for breach of duty of good faith and fair dealing) have no bearing on Venclose whatsoever.

Moreover, plaintiffs' claim for a declaratory judgment that defendant assigned his rights in the subject patents to it can also be resolved without Venclose because it concerns the NNC agreement between the two original parties. Although Venclose might be affected by the outcome of this case, it does not follow that it is a "required" party. See Bacardi Int'l Ltd., 719 F.3d at 10 ("[E]xisting parties can resolve their dispute

and obtain complete relief as to each other without [the] absent party's presence [even if] a dispute with [the] absent party may be left unresolved." (citing MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 385 (2d Cir. 2006))).

Accordingly, the Court concludes that Venclose is not a required party and, therefore, dismissal of plaintiff's claims is unwarranted on that ground.

**C.  Transfer Venue**

Finally, defendant moves, in the alternative, to transfer venue to the United States District Court for the Northern District of California.  That request will be denied.

When there are valid and binding forum selection clauses, as there are in this case, the clauses are "given controlling weight in all but the most exceptional cases". Atl. Marine Constr. Co., v. U.S. Dist. Ct. for the W. Dist. of Tex., 134 S. Ct. 568, 579 (2013) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

Here, defendant contends that other factors, including convenience and location of witnesses, warrant transfer of this case regardless of the forum selection clauses he agreed to in the NNC Agreement and the Separation Agreement.  Because defendant twice agreed to litigate in this venue the Court concludes, however, that the interests of justice are best

served by holding the parties to their agreements. See id. at 583.

Defendant adds that the fact that Venclose filed suit against Covidien in the Northern District of California supports transfer. That case has, however, since been dismissed.

## V. Litigation in Delaware State Court

The Court has been informed that Covidien has filed a lawsuit against Venclose in Delaware state court. In light of that new case, the Court will deny defendant's pending motion to dismiss or transfer without prejudice and directs the parties to file supplemental briefs as to the effect of that new case, if any, on this litigation.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss, or, alternatively, to transfer venue (Docket No. 41), is **DENIED without prejudice**.

The Court directs the parties to submit supplemental memoranda, not to exceed ten (10) pages, on or before Thursday, September 28, 2017, as to the effect of the Delaware state litigation, if any, on this case.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 7, 2017