United States District Court
District of Massachusetts

| | |
|---|---|
| Covidien LP and Covidien Holding Inc., ) ) ) ) Plaintiffs, ) ) v. ) ) Brady Esch, ) ) Defendant. ) | Civil Action No. 16-12410-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

In January, 2017, defendant Brady Esch ("Esch") filed a motion to dismiss or, alternatively, to transfer venue claiming that this Court lacks personal jurisdiction over Esch, that a necessary and indispensable party was not joined and that this case would be more properly litigated in California. In September, 2017, this Court denied that motion.

This Court rejected defendant's argument that Venclose, a start-up company that Esch founded, was a necessary party for this litigation. It also rejected defendant's request to transfer venue to the Northern District of California. The Court stated that it would hold the parties to their agreement (the forum selection clause) in all but the most exceptional cases.

In October, 2017, defendant filed a motion to stay the present case pursuant to the Colorado River doctrine, the Wilton/Brillhart doctrine and the Court's inherent authority to manage its own docket.  Because no new developments in this case have occurred that alter the analysis in this Court's September, 2017, memorandum and order, defendant's motion to stay or dismiss proceedings (Docket No. 73) will be denied.

The Colorado River doctrine provides that when similar actions are pending in state and federal court, it is appropriate "in some instances for the federal court to defer to the state court." Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 14 n. 17 (1st Cir. 2013) (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). "Of all the abstention doctrines," Colorado River "is to be approached with the most caution," with only the clearest cases warranting dismissal. Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 27 (1st Cir. 2010) (citing Colo. River, 424 U.S. at 819).  Eight non-exclusive factors are weighed to determine if the "exceptional circumstances necessary for abstention" exist:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 60, 71 (1st Cir. 2005) (citation omitted).

Defendant has failed to show that exceptional circumstances are present in this case as demonstrated by reference to the following relevant factors:

1. The geographical inconvenience of the federal forum does not weigh in defendant's favor because defendant contracted to litigate in Massachusetts. See Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas, 134 S.Ct. 568, 5882 (2013) (observing that "when parties agree to a forum-selection clause, they waive the right to challenge" that forum as inconvenient).

2. To the extent that defendant wishes to avoid piecemeal litigation, he could do so by interpleading Venclose. See Fed. R. Civ. P. 20. The piecemeal litigation factor weighs "in favor of dismissal only if there is some exceptional basis for dismissing one action" and no such exceptional basis exists in this case. See KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 11 (1st Cir. 2003) (citations omitted) (internal quotation marks omitted).

3. The chronological order in which the forums obtained jurisdiction weighs against defendant because this case was filed earlier and is more advanced than any of the parallel actions.

4. Because this case "amounts to a simple breach of contract case involving straightforward issues of state law," this factor, with respect to whether state or federal law controls, does not weigh in favor of abstention. See Spark Energy Gas, LP v. Toxikon Corp., 864 F. Supp. 2d 210, 220 (D. Mass. 2012) (citing Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 118 (1st Cir. 2012)).

5. The present action is the first-filed action and this Court has already found plaintiffs' claims plausible. See Covidien LP v. Esch, 2017 WL 3971278 (D. Mass. Sept. 7, 2017) (denying defendant's motion to dismiss); Covidien LP v. Esch, 229 F. Supp. 3d 94, 99 (D. Mass. 2017) (concluding that plaintiffs "have shown a likelihood of success on the merits"). The claims are neither vexatious nor contrived.

The remaining Colorado River factors are either irrelevant or neutral.

Because defendant has not demonstrated the exceptional circumstances that Colorado River requires, this Court will decline to dismiss or stay plaintiffs' claims for coercive relief.

Similar to the Colorado River doctrine, the Wilton/Brillhart doctrine states that when a federal court is asked to issue a declaratory judgment while a parallel state court action is pending, the federal court may exercise its

discretion to stay or dismiss the case. See Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942); Wilton v. Seven Falls Co., 515 U.S. 277 (1995). Such abstention is unwarranted here. The present action is first-filed, is in the most advanced stage and arises from a contract which includes Massachusetts choice-of-law and forum selection provisions. The Court will not abstain on Wilton/Brillhart grounds.

For the same reasons, the Court will decline to stay or dismiss the present case pursuant to the Court's inherent authority to control its docket.

### ORDER

For the foregoing reasons, defendant's motion to stay or dismiss proceedings (Docket No. 73) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 30, 2017