UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COVIDIEN LP AND COVIDIEN HOLDING INC. | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | CIVIL ACTION NO. 16-12410-NMG |
| BRADY ESCH | ) ) | |
| Defendant. | ) | |

## SUPPLEMENTAL ORDER ON PLAINTIFFS' MOTION TO STRIKE

December 10, 2018

Pursuant to this court's Order on "Covidien's Motion to Strike Mr. Esch's Non-Retained Expert Witness Disclosures" (Docket No. 157),[1] the defendant filed his "Rule 26(a)(2)(C) Second Amended Non-Retained Expert Disclosure" (Docket No. 176-1). Thereafter, the parties filed a "Joint Status Report on Esch's Second Amended Non-Retained Expert Disclosures" (Docket No. 176) wherein Covidien continues to contend that the disclosures are inadequate and should be stricken, while Esch argues that the Amended Disclosures satisfy the disclosure requirements for non-retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).

As detailed in this court's original Order, Rule 26(a)(2)(C) requires that non-retained expert witness disclosures include "a summary of the facts and opinions to which the witness is expected to testify." While such disclosures may be considerably less extensive than the

---

[1] The court's Order is incorrectly entitled "Order on Defendants' Motion to Strike." As is made clear in the Order, it relates to the "Plaintiffs' Motion to Strike."

reports of retained expert witnesses, they should, at minimum, "obviate the danger of unfair surprise regarding the factual and opinion testimony of the nonretained expert." Hayes v. Am. Credit Acceptance, LLC, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014). Accordingly, the defendant's non-retained expert witness disclosures may not simply provide the subject matter of the expert's anticipated testimony, but must also summarize the substance of the expert's "actual and specific opinions." Id. "A mere statement of the topics of the opinions is insufficient." Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co., No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015). Applying this standard to the Amended Disclosures, it is hereby ordered as follows. This Order tracks the format of the Amended Disclosures (Docket No. 176-1). Nothing herein shall limit the plaintiffs' right to challenge any expert opinions proffered by the defense through Daubert motions, motions in limine, or other means at the appropriate time.

 A. Brady Esch[2]

Opinion #1: Esch shall supplement his disclosure to identify the other products about which he intends to testify, and the documents relating to the trade shows he attended and to F-Care and RF Medical to which he refers in the first paragraph of his Amended Disclosures. Esch shall also identify the Covidien information he intends to opine was not "confidential" as referred to in the second paragraph.

---

[2] Covidien agrees that some of the subjects on which Esch is designated to testify, such as his interactions with Venclose, do not require expert testimony. This court has not made any attempt to strike overinclusive information. This applies to overinclusive information in the designations of other non-retained experts as well.

Opinion #2: To the extent that Esch intends to testify about other specific patents, patent applications, or products, they must be identified.

Opinions #1-3: All documents on which Esch intends to rely must be identified. Similarly Esch shall identify the "five declarations in this and related matters" in which his opinions were further explained. (See Docket No. 176 at 10).

This court has considered all of Covidien's objections, including Covidien's contention that the Amended Disclosures expand the subjects on which Esch intends to offer expert opinions. In this court's view, the Amended Disclosures provide more details but do not raise new subjects that were not previously disclosed. Except as provided herein, the motion to strike the disclosures relating to Esch as a non-testifying expert is denied.

The defendant shall provide the supplementation called for herein within 14 days of the date of this Order. The supplemental disclosures shall be the controlling document for trial.

B. H. Gerald "Jerry" Gibson

Opinion #1: Mr. Gibson shall identify any other specific startup companies on which he intends to rely in comparing Venclose's startup process with that of other companies. He shall also identify "the documents obtained by Covidien and used at Mr. Gibson's deposition that have correct and incorrect dates," as well as the documents he contends improperly failed to list Mr. Gibson as a director, including in the supplemental disclosure a description of his conclusions about the accuracy of each of the documents.

Opinions #2-3: While Mr. Gibson may opine about the difference between "founder's shares and royalties for assignment of invention agreement," as well as other types of stocks,

he may not offer an opinion as to the value of Esch's shares. In addition, he may not offer an opinion on a subject for which he claimed a privilege at his deposition.

Opinions #1-3: All documents on which Mr. Gibson intends to rely must be identified.

This court has considered all of Covidien's objections, including Covidien's contention that the Amended Disclosures expand the subjects on which Mr. Gibson intends to offer expert opinions. In this court's view, the Amended Disclosures provide more details but do not raise new subjects that were not previously disclosed. Except as provided herein, the motion to strike the disclosures relating to Mr. Gibson as a non-testifying expert is denied.

The defendant shall provide the supplementation called for herein within 14 days of the date of this Order. The supplemental disclosures shall be the controlling document for trial.

C. Benjamin Glenn

Covidien may take the deposition of Benjamin Glenn. Prior to the deposition, Mr. Glenn shall identify all the documents on which he intends to rely in support of his expert opinion. Mr. Glenn's opinions shall be limited to the topics disclosed in the Amended Disclosures (Docket No. 176-1). The motion to strike the disclosures relating to Mr. Glenn is otherwise denied.

D. J. Casey McGlynn

Covidien may take the deposition of J. Casey McGlynn, both as a fact witness and as a non-retained expert. Prior to the deposition, Mr. McGlynn shall identify all the documents on which he intends to rely in support of his expert opinion. Mr. McGlynn's opinions shall be limited to the topics disclosed in his Declaration (Docket No. 130-7). The motion to strike the disclosure relating to Mr. McGlynn is otherwise denied.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge