United States District Court
District of Massachusetts

| | |
|---|---|
| Covidien LP and Covidien Holding Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Brady Esch, <br><br> Defendant. | Civil Action No. 16-12410-NMG |

MEMORANDUM & ORDER

GORTON, J.

At the final pretrial conference the Court announced its rulings on all pending motions and agreed to reconsider such rulings with respect to: a) plaintiff's motion in limine (#4) to preclude references to unrelated Covidien or Medtronic legal proceedings (Docket No. 239), b) defendant's motion in limine (#2) to exclude evidence, claims or legal theories not alleged in Covidien's complaint or timely disclosed in discovery (Docket No. 277, formerly Docket No. 246-4) and c) plaintiff's motion to quash improper trial subpoenas (Docket No. 273). Having done so, the Court rules as follows:

1. Evidence that Covidien reduced its ClosureFast prices during the time period in which Esch is alleged to have misappropriated confidential information while employed at Venclose is relevant and admissible. Evidence of

price reduction outside of that timeframe is not relevant to Esch's failure to mitigate damages defense. Accordingly, plaintiff's motion in limine (#4) to preclude references to unrelated Covidien or Medtronic legal proceedings (Docket No. 239) is **ALLOWED** subject to the stated time period restriction.

2. All features that plaintiff disclosed to defense counsel on or before June 30, 2018, (the close of fact discovery) are admissible, including evidence of plaintiff's "combination" theory. Accordingly, defendant's motion in limine (#2) to exclude evidence, claims or legal theories not alleged in Covidien's complaint or timely disclosed in discovery (Docket No. 277, formerly Docket No. 246-4) is **DENIED**.

3. With respect to the subpoena of Steven Coleman, the Court finds that Mr. Coleman's testimony may be relevant and because Covidien has chosen to bring suit in the Commonwealth of Massachusetts and disclosed him as a potential witness, plaintiff shall make Mr. Coleman available at trial. Accordingly, plaintiff's motion to quash improper trial subpoenas with respect to Steven Coleman (Docket No. 273) is **DENIED**.

So ordered.

                                           /s/ Nathaniel M. Gorton
                                           Nathaniel M. Gorton
                                           United States District Judge

Dated May 10, 2019