United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Covidien LP and Covidien Holding Inc., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 16-12410-NMG |
| Brady Esch, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

The present dispute arises from the outcome of a nine-day jury trial involving the claims of Covidien LP and Covidien Holding Inc. (collectively, "Covidien" or "plaintiff") against Brady Esch ("defendant" or "Esch"), Covidien's former employee. Pending before the Court is the motion of Covidien for entry of judgment, declaratory judgment, other post-trial relief and a permanent injunction (Docket No. 333).

I. <u>Factual Background</u>

At this late stage of litigation, both the parties and the Court are well acquainted with the facts. As a result, the Court provides only an abbreviated factual summary before proceeding to the merits of the pending post-trial dispute.

Brady Esch, a highly-compensated, global marketing director, began working for Covidien in 2009, when it acquired his employer at the time, VNUS Technologies. In December, 2009, Esch entered into a "Non-Competition, Non-Solicitation, and Confidentiality Agreement" ("the Employment Agreement") with Covidien. Following his termination in 2013, Esch signed a "Separation of Employment Agreement and General Release" ("the Separation Agreement") which reaffirmed certain provisions of the Employment Agreement.

In February, 2014, Esch commissioned the incorporation of Venclose Inc., which was to become a direct competitor to Covidien. One month later, he filed Provisional Patent Application No. 61/970,498 ("the '498 Patent Application") which describes the design, technology and improvement to venous RF ablation devices. In 2015, Esch filed Utility Patent Application No. 14/670,338 ("the '338 Patent Application") and a Foreign PCT Application ("the PCT Patent Application") (collectively, "the Patent Applications").

## II. Procedural Background

In January, 2017, this Court issued a preliminary injunction in favor of Covidien enjoining Esch and his agents, etc. from making, developing, manufacturing or selling products that disclose or use any confidential information from Covidien.

In May, 2019, the judicial officer assigned to this session of the Court presided over a nine-day jury trial on Covidien's claims that Esch breached the Employment and Separation Agreements by 1) failing to disclose to Covidien "Inventions" reflected in the Patent Applications, 2) disclosing Covidien's confidential information in the Patent Applications and 3) breaching his covenant of good faith and fair dealing.

The jury returned a verdict for Covidien on its breach of confidentiality claims under the Employment and Separation Agreements and awarded Covidien $794,892.24 in damages. The jury also found, however, that Esch breached neither his obligation to disclose "Inventions" to Covidien nor his covenant of good faith and fair dealing.

### A. The Verdict Form

The Verdict Form submitted to the jury posed eight questions (Docket No. 316). Questions 1 and 2, and subparts 1A and 2A, asked the jury whether Esch breached his confidentiality obligations to Covidien under the Employment Agreement and the Separation Agreement, respectively and, if so, whether Covidien had proven damages resulting from such breach. The jury answered Questions 1, 1A, 2 and 2A affirmatively.

Question 3 asked the jury whether Esch breached his obligation to disclose "Inventions" to Covidien under the

Employment Agreement and it answered in the negative.  Pursuant to the instruction following Question 3, the jury did not answer Question 3A regarding damages for failing to disclose "Inventions" and proceeded to Question 4.  The jury answered Question 4 in the negative, i.e., that Esch did not breach the implied covenant of good faith and fair dealing.  The jury awarded breach of contract damages to Covidien in response to Question 5 after which there was the following instruction:

> If you answer [Question] 3A "YES", proceed to Question 6. Otherwise, your deliberations are complete.

Having not answered Question 3A "Yes", the jury left the remaining questions, Questions 6, 7 and 8, unanswered.

Questions 6, 7 and 8, which were to be considered if the jury answered Question 3A in the affirmative, asked the jury to determine whether Esch took steps to reduce to practice any "Inventions" in the Patent Applications.  The failure of the jury to answer those questions forms the substance of the current dispute.

At the Jury Charge Conference, Covidien did not object to the proposed wording of the Verdict Form.  On the following morning, before the jury charge, Covidien did, however, file a written objection to the Verdict Form, requesting an alternative structure of the first five questions (Docket No. 311).  In that objection, Covidien did not mention Questions 6, 7 and 8 but now

- 4 -

argues that its proposed revision to the first five questions would have directed the jury to answer those questions regardless of its previous answers.

Covidien also points out that 1) after the jury charge but before the jury was sent to deliberate, its counsel requested the Court to instruct the jury to answer Questions 6, 7 and 8 regardless of any previous answers and 2) it objected once more after the verdict was returned but before the jury was discharged and requested again that the Court instruct the jury to continue deliberations and to answer Questions 6, 7 and 8.

### III. **Motion for Entry of Judgment, Declaratory Judgment, Other Post-Trial Relief and a Preliminary Injunction**

Covidien seeks the following remedies: 1) entry of judgment on its claims against Esch for breach of confidentiality under the Employment Agreement and the Separation Agreement; 2) declaratory judgment that Esch be required to assign any Invention reflected in the Patent Applications to Covidien; 3) prejudgment interest, post-judgment interest, costs and attorneys' fees; and 4) a permanent injunction barring Esch from continuing to use or disclose Covidien's confidential information.

Esch responds that Covidien's motion is not only procedurally improper but also requests relief to which Covidien is not entitled. Esch does not object to entry of judgment on

Covidien's breach of confidentiality claims under both the Employment and Separation Agreements and the corresponding damages awarded by the jury.

**A. Procedural Deficiencies**

Esch claims that Covidien's motion is procedurally improper because it seeks judgment on matters outside the scope of the jury's verdict or, in the alternative, attempts to raise an objection to the Verdict Form that Covidien did not preserve.

With respect to Esch's first argument, Covidien's principal contention is that the question of whether "Inventions" were assigned to it was not addressed by the jury and, in any event, is an equitable question for the Court to decide in the first instance. Esch proffers no citation suggesting that the Court is foreclosed from considering such a claim and, to the extent Covidien seeks declaratory judgment on an equitable question left open by the jury, the Court will entertain it.

Esch next complains that Covidien failed to object timely to the Verdict Form. The "iron clad" rule in this Circuit is that a party waives its right to object to the structure or consistency of a verdict form by failing to object after the verdict is read to the jury and before the jury is discharged. See, e.g. Peckham v. Cont'l Cas. Ins. Co., 895 F.2d 830, 836 (1st Cir. 1990).

At sidebar after the jury charge and the reading of the Verdict Form to the jury and, again, after the jury returned its verdict but before it was discharged, counsel for Covidien requested that the jury be required to answer Questions 6 through 8.  The Court explained that the Verdict Form, as submitted, instructed the jury not to answer those questions because it did not answer Question 3A affirmatively.  Covidien responded that it viewed Questions 3 and 3A as unrelated to Questions 6 through 8.  After reminding counsel that Covidien was in possession of the Verdict Form for more than one day before the charge and that it was the product of deliberation and revision, the Court stated that Covidien's "record is preserved" on the issue of whether the Questions 6 through 8 should have been answered.

Covidien adequately voiced its objection to the instruction which prompted the jury not to answer Questions 6 through 8 under certain circumstances and the Court expressly stated that such an objection was preserved.

Accordingly, Esch's arguments of procedural deficiency are unavailing.  Covidien either seeks entry of judgment on an issue unanswered by the jury or objects to the instruction that permitted the jury not to answer Questions 6 through 8. Covidien motion is procedurally sound in either event.

**B. Declaratory Judgment**

Covidien requests that the Court enter judgment declaring that Esch assigned to Covidien all rights, title and interest in any "Invention" reflected in the Patent Applications.

Esch contends that such a declaration would be inconsistent with the jury's answer to Question 3. By answering Question 3 "No", the jury determined that Esch did not breach his obligation "to disclose 'Inventions' to Covidien" under the Employment Agreement. The only logical inference from that response, Esch declares, is that the jury determined that there were no "Inventions" to disclose. As a result, the jury did not need to answer Questions 6 through 8 because, in the absence of any "Inventions", there could be no assignment.

The Employment Agreement requires Esch "promptly [to] disclose" to Covidien all "Inventions" during Esch's term of employment and automatically assigns to Covidien such "Inventions" ("the Assignment Provision"). That provision goes on to define an "Invention" as

> whether or not patentable or copyrightable, the conception, discovery or reduction to practice of any new idea, technology, device, method, design, trade secret, composition of matter or any improvement thereto . . . .

The Court is, of course, permitted to grant equitable relief. Its authority is, however, bound by a jury's

determination on factual issues decided in rendering its verdict. Perdoni Bros., Inc. v. Concrete Systems, Inc., 35 F.3d 1, 5 (1st Cir. 1994) ("[W]hen a party has a right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim." (internal citations omitted)).

The substantive issue is, therefore, whether, by answering Question 3 in the negative, the jury determined that there were no Inventions made under the Employment Agreement. While Esch submits this is the only logical conclusion, Covidien rejoins that the jury could have found that Inventions existed but that Esch satisfied his disclosure obligation when the '338 Patent Application was published.

To agree with Covidien's logic, the jury would have had to reach the inconsistent conclusion that Esch's publication of Covidien's confidential information in the '338 Patent Application was simultaneously a breach of confidentiality and in satisfaction of his duty to disclose Inventions to Covidien.

As previously held by this Court, Massachusetts law governs the terms of both the Employment and Separation Agreements. Covidien LP v. Esch, 378 F. Supp. 3d 119, 124-25 (D. Mass. 2019). Under Massachusetts law, contract interpretation is

ordinarily a question of law for the court. Edmonds v. United States, 642 F.2d 877, 881 (1st Cir.1981).  If the terms of a contract are unambiguous, the contract must be enforced according to its terms. Id.  Contract language must be assigned its "plain meaning, bringing common sense to bear." MOCA Systems, Inc. v. Bernier, 2014 WL 652938, *3 (D. Mass. Feb. 18, 2015) (citing City of Haverhill v. George Brox, Inc., 47 Mass. App. Ct. 717, 720 (1999)).  Furthermore, contract terms are to be read in the context of the entire agreement and in light of the circumstances. Cofman v. Acton Corporation, 958 F.2d 494, 498 (1st Cir. 1992).

Here, the only alleged conduct relevant to disclosure of any potential Inventions was the publication of the '338 Patent Application.  The jury found that such publication was a breach of Esch's obligation of confidentiality under the Employment Agreement.  Common sense dictates that neither party anticipated that a breach of confidentiality under the Employment Agreement would, in turn, satisfy Esch's obligation to disclose Inventions to Covidien.

Whenever possible, a court should reconcile any alleged inconsistency in a jury's verdict. Davignon v. Hodgson, 524 F.3d 91, 109 (1st Cir. 2008).  Covidien's suggested reading of the verdict would render it internally inconsistent.

Finally, instructions to the jury must be viewed in the context of the overall charge. Sharp v. Hylas Yachts, LLC, 872 F.3d 31, 46 (1st Cir. 2017). The verdict form was drafted in a manner that allowed the jury, if it answered Questions 3 and 3A in the affirmative, to decide the factual issue of whether Esch took steps to reduce to practice any "Inventions," i.e. Questions 6 through 8. That section of the Verdict Form was entitled Assignment of "Inventions". In its charge to the jury, the Court instructed the jury on the definition of an "Invention" as well as the Assignment Provision. Had the jury determined Inventions existed and that Esch took steps to reduce Inventions to practice, in accordance with the instruction, it would have answered Questions 3 and 3A "Yes" and proceeded to consider Questions 6 through 8. The jury's decision not to do so is decisive.

In summary, Covidien is not entitled to a declaratory judgment that Esch be required to assign to it any Inventions.

## C. Other Post-Trial Relief

### 1) Interest

Covidien claims entitlement to prejudgment interest under Mass. Gen. Laws. c. 231, § 6C and post-judgment interest under 28 U.S.C. § 1961. Esch does not dispute Covidien's entitlement to post-judgment interest.

With respect to Covidien's request for prejudgment interest, the parties agree that Massachusetts law governs. See Analysis Grp., Inc. v. Cent. Fla. Invs., Inc., 629 F.3d 18, 24 (1st Cir. 2010). In Massachusetts contract actions, "interest shall be added" to the damages awarded by the jury "at the rate of twelve per cent per annum from the date of the breach." M.G.L. c. 231, § 6C. Such interest accrues up to the date of judgment. Pac. Ins. Co. v. Eaton Vance Mgmt., 260 F. Supp. 2d 334, 346 (D. Mass. 2003).

Esch emphasizes the discretion afforded to courts in awarding prejudgment interest under Massachusetts law. See M.G.L. c. 231, § 6C. He submits that the Court should exercise that discretion not to award prejudgment interest because the jury's award of the "present value" of future damages accounted for any interest due.

Esch's argument is unavailing. In its charge, this Court instructed the jury:

> [i]f you award damages, you are not to take into account any kind of taxes, interest, court costs or attorneys' fees.

Tr. of Jury Trial Day 8, 8-114: 17-19 (Docket No. 328).

Esch proffers no reason for the Court to depart from the general principle of Massachusetts law that prejudgment interest is warranted in breach of contract actions where

the jury is instructed not to include interest in its damages calculation. See Interstate Brands Corp. v. Lily Transp. Corp., 256 F. Supp. 2d 58, 62 & n.2 (D. Mass. 2003). Accordingly, the Court will award prejudgment and post-judgment interest to Covidien.

**2) Costs**

Federal Rule of Civil Procedure 54 provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The "prevailing party" is the party who "prevailed on the merits of at least some of his claims." Spooner v. EEN, Inc., 644 F.3d 62, 66 (1st Cir. 2011) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (internal quotation marks omitted)). Covidien submits that because it prevailed on its breach of confidentiality claims, it is the prevailing party. Esch responds that he is the prevailing party because the jury found that he did not breach his obligation to disclose Inventions or his covenant of good faith and fair dealing.

The Court has broad discretion to award or to deny costs in cases that yield mixed results. See Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28-29 (1st Cir. 2014). In such circumstances, the Court must determine which party, if either

reasonably "carried the day" and award to that party costs. Conway v. Licata, 146 F. Supp. 3d 355, 356 (D. Mass. 2015).

Here, the jury found for Covidien on liability and damages for Esch's breaches of confidentiality. Although Covidien did not prevail on its claim of breach of the disclosure provision and breach of the covenant of good faith and fair dealing, the Court finds Covidien "carried the day" on the two central breach of contract claims for which it was awarded substantial damages by the jury. Accordingly, the Court will award Covidien costs.

### 3) Attorneys' Fees and Expenses

The Employment Agreement provides that each party agrees to "indemnify and hold [Covidien] harmless from all costs (including reasonable attorneys fees)" incurred as a result of Esch's "breach of any provision of [the Employment Agreement]". Covidien asserts that Esch's breach of the Employment Agreement entitled Covidien to collection of attorneys' fees and expenses.

When a contract includes a contractual fee provision, the question of what fees are owed is a matter of contract interpretation and the Court's "primary obligation is simply to honor the agreement struck by the parties." Accusoft Corp. v. Palo, 237 F.3d 31, 61 (1st Cir. 2001).

Esch proffers no support for his contention that the bargain struck by the parties should go unheeded. Instead, he

faults Covidien for submitting an "overbroad, incomplete, and unsupported" request for fees. In doing so, Esch overlooks the fact that Covidien's request for attorneys' fees is not a final accounting of the amount of fees due. After judgment is entered entitling a party to fees and expenses, that party must submit a bill of costs and a specific schedule of the amount of fees due within 14 days of entry of judgment. Fed. R. Civ. P. 54(d)(2).

Covidien is entitled to attorneys' fees pursuant to the parties' contractual agreement in an amount to be determined in accordance with the procedure identified in Fed. R. Civ. P. 54(d).

**D. Permanent Injunction**

In January, 2017, the Court entered a preliminary injunction prohibiting Esch from

> making, developing, manufacturing or selling any product that discloses or uses any confidential information of the plaintiffs.

(Docket No. 38). Covidien now requests that the Court make that preliminary injunction permanent.

A permanent injunction is appropriate when a party shows that 1) it has prevailed on the merits, 2) it would suffer irreparable injury without a permanent injunction, 3) the balance of harms is in its favor and 4) there would be no adverse effect on the public interest. Casual Male

Retail Grp., Inc. v. Yarbrough, 527 F. Supp. 2d 172, 179 (D. Mass. 2007). Esch does not dispute that the first element has been met.

With respect to the second element, irreparable harm occurs when the plaintiff suffers a substantial injury "that cannot be accurately measured or adequately compensated by money damages or other legal remedies." Aborjet, Inc. v. Rainbow Treecare Scientific Advancements, Inc., 187 F. Supp. 3d 217, 223 (D. Mass. 2016). Irreparable injury must involve more than a "tenuous or overly speculative forecast of anticipated harm." Id. Injuries to goodwill or reputation exemplify irreparable injuries because they are incapable of being easily measured or fully compensated. Id.

Covidien submits that it has suffered irreparable injury because Esch's product, developed with Covidien's confidential information, directly competes with Covidien and deprived Covidien of being first to market a product with its confidential feature combination.

The harm of which Covidien complains was fully compensated by the jury's award of damages. In assessing damages, the jury was instructed that any damages should

>     put the non-breaching party in the position it
>     would have been in if the contract had been fully
>     performed.

Tr. of Jury Trial Day 8, 8-112:20-25, 8-118:1-7

(Docket No. 328).

Covidien offers no reason for the Court to assume the jury failed to take into account the ongoing competition between the parties or Covidien's lost opportunity to be the first market entrant. Covidien has not demonstrated how the jury's award of substantial money damages is inadequate to redress its injury.

Having determined that Covidien has not demonstrated irreparable harm, the Court declines to consider the other prerequisites for injunctive relief.

### ORDER

For the foregoing reasons, the motion of plaintiff Covidien for entry of judgment, declaratory judgment, post-trial relief and a preliminary injunction (Docket No. 333) is,

a) with respect to Covidien's request for entry of judgment on Counts IV and V, **ALLOWED**;

b) with respect to Covidien's request for declaratory judgment on Count I, **DENIED**;

c) with respect to Covidien's request for costs, attorneys' fees and expenses, **ALLOWED;** and

d) with respect to Covidien's request for a permanent injunction, **DENIED.**

**So ordered.**

<p style="text-align:right">/s/ Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge</p>

Dated December 13, 2019