```
                    United States District Court
                     District of Massachusetts

 _____
                                 )
Covidien LP and Covidien Holding )
Inc.,                            )
                                 )
         Plaintiffs,             )
                                 )
             v.                  )   Civil Action No.
                                 )   16-12410-NMG
Brady Esch,                      )
                                 )
         Defendant.              )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The present dispute arises from the outcome of a nine-day jury trial involving claims of Covidien LP and Covidien Holding Inc. (collectively, "Covidien" or "plaintiff") against Brady Esch ("defendant" or "Esch"), Covidien's former employee. Pending before the Court are (1) the motion of Covidien to amend judgment to include calculation of pre-judgment interest, attorneys' fees and costs (Docket No. 348), (2) motions of Esch to strike evidence submitted by Covidien (Docket Nos. 374, 375) or, alternatively, (3) motion to amend judgment, reduce damages or order a new trial on some issues (Docket No. 347).

## I.  **Factual Background**

At this late stage of this protracted and unduly contentious litigation, both the parties and the Court are well acquainted with the facts.  For purposes of completeness, however, the Court provides an abbreviated factual summary.

Brady Esch, a highly compensated Director of Global Strategic Marketing, began working for Covidien in 2009, when Covidien acquired his employer at the time, VNUS Technologies. In December, 2009, Esch entered into a "Non-Competition, Non-Solicitation, and Confidentiality Agreement" ("the Employment Agreement") with Covidien.  Following his termination in 2013, Esch signed a "Separation of Employment Agreement and General Release" ("the Separation Agreement") which reaffirmed certain provisions of the Employment Agreement.

In February, 2014, Esch incorporated Venclose Inc. ("Venclose"), a closely-held corporation which was to become a direct competitor to Covidien.  One month later, he filed Provisional Patent Application No. 61/970,498 ("the '498 Patent Application") which describes the design, technology and improvement to venous RF ablation devices.  In 2015, Esch filed 1) a Utility Patent Application No. 14/670,338 ("the '338 Patent Application") and 2) a Foreign PCT Application ("the PCT Patent Application") (collectively, "the Patent Applications").

## II. Procedural Background

In January, 2017, after Covidien filed suit against Esch for breach of contract, inter alia, this Court issued a preliminary injunction in favor of Covidien enjoining Esch and his agents, from making, developing, manufacturing or selling products that disclose or use any confidential information acquired from Covidien.

In May, 2019, this session presided over a nine-day jury trial.  The jury returned a verdict for Covidien on its breach of confidentiality claims under both the Employment and Separation Agreements and awarded Covidien $794,892.24 in damages.  On the other hand, the jury found that Esch breached neither his obligation to disclose "Inventions" to Covidien nor the covenant of good faith and fair dealing.

The Court entered judgment in favor of Covidien and allowed its request for costs, attorneys' fees and expenses in December, 2019 ("the December, 2019 Order").

## III. Cross Motions to Alter or Amend the Judgment

Pursuant to the December, 2019 Order, Covidien is entitled to pre- and post-judgment interest, reasonable attorneys' fees to be calculated in accordance with the procedure identified in Fed. R. Civ. P. 54(d) and costs as the prevailing party.

Covidien moves to alter or amend that judgment to include calculation of interest, fees and costs.  Esch opposes that motion, moves to strike evidence and moves for the Court to reverse its award of interest, fees and costs to Covidien.  In the alternative, Esch moves for a new trial on some issues or remittitur of damages.

**A. Interest**

This Court has already held that Covidien is entitled to pre-judgment interest under Mass. Gen. Laws c. 231, § 6C at a rate of twelve percent per annum from the date of the breach through the date of judgment.  Esch proffers no new argument in support of his request for the Court to reconsider that decision and the Court declines to do so.  All that remains for the Court to do in that regard is determine the date of the breach from which interest is to run.

In Massachusetts, the trier of fact is tasked with establishing the date of breach or demand and,
> where trial has proceeded before a jury, neither the judge nor an appellate court can make such a determination.

Bowers v. Baystate Techs., Inc., 112 F. Supp. 2d 185, 187 (D. Mass. 2000) (citing Deerskin Trading Post, Inc. v. Spencer Press, Inc., 495 N.E.2d 303, 308 (Mass. 1986)).  If the date of breach or demand cannot be established, pre-judgment interest is

to be calculated from the date of the commencement of the action. Mass. Gen. Laws c. 231, § 6C.

Esch submits that only the jury can make such a determination and, because it did not, the Court must assign as the date of breach the date the action was commenced.  Covidien responds that the jury's findings are sufficient to support a determination that either March 26, 2014, or March 26, 2015, the publication dates of the '498 Patent Application and the '338 Patent Application, respectively, is the date of breach.

Although inferences regarding the date of breach can be drawn from the jury's findings, the jury did not conclusively "establish" the date of breach.  Indeed, the verdict form states only that a breach of both the Employment and Separation Agreements occurred but it does not specify the time of either breach.  Absent such specification, the Court will assign as the date of beach, November 28, 2016, the date this action was commenced.

The parties separately contest whether interest should be simple or compound. "[C]ompounding cannot be done in the absence of express agreement." D'Annolfo v. D'Annolfo Constr. Co., Inc., 654 N.E.2d 82, 85 (Mass. App. Ct. 1995).  The parties have proffered no such express agreement and, therefore, the pre-judgment interest award will be simple, not compound.

Covidien is, therefore, entitled to pre-judgment interest at the simple interest rate of twelve percent (12%) per annum from November 28, 2016, the date this action was commenced, to December 13, 2019, the date judgment was entered.

### B. Attorneys' Fees

Covidien seeks attorneys' fees in the amount of $2,661,774.35. Although Covidien submits that its request reflects the true value of the necessary work of a "limited core group of attorneys and paralegals", the Court finds that the amount requested is excessive and will adjust the fee accordingly.

As a preliminary matter, Esch's evidentiary objections to the evidence submitted by Covidien in support of its motion for fees are overruled. Courts, including this Court, routinely rely on the kinds of declarations and documentation provided by Covidien in support of its motion. See, e.g., Int'l Union of Operating Eng'rs Local 98 Health & Welfare Fund v. S&R Corp., 174 F. Supp. 3d 579, 580-82 (D. Mass. 2016). Furthermore, Esch's request for the Court to impose sanctions on Covidien for filing a reply to his objections to its motion will be denied. Covidien filed a concurrent motion for leave to file its reply and, shortly after the Court denied leave, refiled its opposition to defendant's motions to strike anyway. Such

conduct, while non-compliant with the local rules, does not warrant sanctions.

To calculate reasonable attorneys' fees, courts in this Circuit generally employ the lodestar method. See, e.g., Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011). That method begins with a calculation of total hours worked, which is derived from authenticated billing records, reduced by any hours that are duplicative, unproductive or excessive. Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295-96 (1st Cir. 2001). The total hours worked is then multiplied by a reasonable hourly rate. Hutchinson, 636 F.3d at 13. Courts may also consider a variety of other factors in determining the reasonableness of a fee award, including prevailing rates in the community, the qualifications, experience and specialized competence of the attorneys involved and the "quantum of success achieved in the litigation." See Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 338-39 (1st Cir. 1997).

Several time entries submitted by Covidien reflect work performed in connection with litigation other than this case. The Court agrees with Esch that approximately $50,000 of the requested fees relate to separate litigation pending in Delaware and California. Those fees are not recoverable in this action.

Another common problem presented by Covidien's time entries is "block billing", a time-keeping practice whereby attorneys "lump[] together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." EEOC v. AutoZone, Inc., 934 F. Supp. 2d 342, 354-55 (D. Mass. 2013) (quoting Conservation Law Found., Inc. v. Patrick, 767 F. Supp. 2d 244, 253 (D. Mass. 2011)).  The First Circuit Court of Appeals has endorsed "across-the-board" global fee reduction as an appropriate sanction for block billing. See Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008) (15%); AutoZone, Inc., 934 F. Supp. 2d at 354-55 (20%); Conservation Law Found., 767 F. Supp. 2d at 253 (20%).

The time reports submitted by Covidien demonstrate a significant pattern of block billing.  The Court agrees with Esch that more than one-half of the entries billed by Covidien's attorneys reflect block billing in increments of one hour or more.  Such a pervasive shortcoming warrants a 25% reduction of all fees that were block-billed in increments of one-hour or more.  That results in a reduction of approximately $380,000.

Covidien's submissions further reflect unwarranted and/or duplicative fees.  The Court agrees with Esch that Covidien's records reflect overstaffing of both local and out of town attorneys, duplicative entries, inefficient use of junior

attorneys, vague work descriptions and unreasonable hourly rates of support staff.  The Court will accordingly reduce the award of fees by $300,000.

Finally, the Court will adopt the "bedrock principle" in this district and reduce Covidien's fee award to reflect the degree of its success. See Williams v. Town of Randolph, 574 F. Supp. 2d 250, 252 (D. Mass. 2008).  Although the Court concluded in its December, 2019 Order that Covidien is the "prevailing party" over Esch for purposes of awarding costs, it simultaneously recognizes that Covidien attained only a part of what it sought in instituting this litigation.  The Court will, therefore, reduce Covidien's fee award by one-half of the already discounted request.

Furthermore, the fees sought by Covidien are nowhere near commensurate with the damages awarded by the jury, warranting a further substantial reduction. See Killeen v. Westban Hotel Venture, LP, 872 N.E.2d 731, 738 (Mass. App. Ct. 2007) ("In deciding whether the documented time was reasonably expended the judge may . . . consider . . . the nature of the case and the issues presented, the time and labor required, the amount of damages involved, and the result obtained." (citing Stratos v. Dep't of Pub. Welfare, 439 N.E.2d 778, 786 (Mass. 1982))).

Accordingly, the Court will reduce Covidien's fee request by approximately 70% and award it $798,500 in legal fees.

**C. Costs**

In its December, 2019 Order, the Court exercised its broad discretion to hold in this case, which yielded "mixed results", that Covidien reasonably "carried the day" and is entitled to costs. Esch argues that the facts do not support the Court's conclusion and that he should be deemed the prevailing party because, although he breached his confidentiality obligations, he was found not to have breached his duty of good faith and fair dealing or his obligation to disclose inventions.

In support of his motion, Esch merely recycles arguments already rejected by this Court. The Court does not deny that the jury's verdict yielded mixed results or that Esch prevailed on some grounds. Indeed, the Court has already accounted for that in its drastic reduction of Covidien's attorneys' fee award. That does not, however, prevent the Court from reasonably concluding, as it has, that Covidien prevailed over Esch on the two central breach of contract claims in case, was awarded substantial damages by the jury and is, therefore, entitled to costs. See Conway v. Licata, 146 F. Supp. 3d 355, 356 (D. Mass. 2015).

Covidien submits that it is entitled to $531,008.76 in costs. As with attorneys' fees, the Court has a duty to ensure that costs sought to be reimbursed are reasonable. Autozone, Inc., 934 F. Supp. 2d at 360. Several considerations compel the Court to reduce the costs requested by Covidien. First, Covidien unreasonably and unnecessarily expended costs of $18,346.97 on travel and lodging for out-out-state attorneys. Covidien further spent $2,531.75 on copying and printing its own deposition transcripts, which Massachusetts courts have determined are unrecoverable. See Hillman v. Berkshire Med. Ctr., Inc., 876 F. Supp. 2d 122, 127 (D. Mass. 2012). As a result, the Court will reduce Covidien's costs by $20,878.72.

Furthermore, for the reasons described above with respect to Covidien's request for attorneys' fees, the Court will reduce Covidien's total costs by 50% to account for Covidien's partial success. See Thayer v. E. Maine Med. Ctr., 740 F. Supp. 2d 191, 206 (D. Me. 2010) (reducing costs by 60% to account for partial success); Nat. Resources Def. Council, Inc. v. Fox, 129 F. Supp. 2d 666, 672 (S.D.N.Y. 2001) (awarding no costs for unsuccessful claims).

Accordingly, Covidien is entitled to recover costs in the amount of $255,065.02.

**D. Remittitur or Partial New Trial**

Esch requests, if the Court is disinclined to allow his motions to strike, that the Court grant him a new trial on some issues or a remittitur of the damages awarded by the jury.

With respect to his request for a new trial, Esch focuses primarily on evidentiary issues, particularly those related to the Court's award of interest, fees and costs.  He proffers a laundry-list of complaints but fails to develop any argument as to why his list of grievances entitles him to a new trial.

As to damages, Esch submits that he is entitled to a remittitur because Covidien improperly sought damages for unjust enrichment and lost profits resulting from his use of Covidien's confidential information.  The standard for overturning a jury's award of damages is stringent.  The Court must conclude that, when viewed in the light most favorable to the prevailing party, the award "exceeds any rational appraisal or estimate of the damages that could be based upon the evidence before it." Wortley v. Camplin, 333 F.3d 284, 297 (1st Cir. 2003).  In other words, the party seeking remittitur must show that the award is

> grossly excessive, inordinate, shocking to the
> conscience, or so high that it would be a denial of
> justice to permit it to stand.

Koster v. Trans World Airlines, Inc., 181 F.3d 24, 34 (1st Cir. 1999) (citing Havinga v. Crowley Towing & Transp. Co., 24 F.3d 1480, 1484 (1st Cir. 1994)).

Esch cannot meet that standard.  Massachusetts contract law allows plaintiffs to recover the benefit of their bargain, including lost profits, assuming that they can be calculated with reasonable certainty. Redstone v. Goldman, Sachs & Co., 583 F. Supp. 74, 76 (D. Mass. 1984).  Thus, the valuation of Esch's use of Covidien's confidential information is an appropriate legal remedy.  Esch proffers no explanation as to why such damages could not be calculated with reasonable certainty or how the damages awarded by the jury in this case were so "grossly excessive" that a reduction is warranted.

Accordingly, Esch's request for either a new trial or a remittitur of damages will be denied.

### ORDER

For the foregoing reasons,

1.  the motion of defendant Brady Esch to amend judgment or in the alternative for a new trial (Docket No. 347) is **DENIED**;

2.  the motions of defendant Brady Esch to strike evidence submitted by Covidien in support of its motion to

      alter judgment for pre-judgment interest, attorneys' fees and costs (Docket Nos. 375 and 376) are **DENIED**; and

3. the motion of plaintiff Covidien to alter judgment for pre-judgment interest, attorneys' fees, and costs (Docket No. 348) is **ALLOWED, in part, and DENIED, in part**, as follows:

    a. plaintiff is awarded pre-judgment interest at the simple interest rate of twelve percent (12%) per annum from November 28, 2016, the date this action was commenced, to December 13, 2019, the date judgment was entered;

    b. plaintiff is awarded attorneys' fees in the amount of $798,500.00; and

    c. plaintiff is awarded costs in the amount of $255,065.02.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 17, 2020